**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 98-60211
Summary Calendar
_____

**ABU KAMAL,**

**Petitioner,**

**VERSUS**

**IMMIGRATION AND NATURALIZATION SERVICE,**

**Respondent.**

_____

Petition for Review of an Order of
the Board of Immigration Appeals
(A70-848-392)

_____

June 14, 1999

Before JOLLY, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

Abu Kamal petitions for review of an order of the Board of Immigration Appeals ("BIA") dismissing his petition for asylum and withholding of deportation. He argues that he is entitled to asylum because he was persecuted while living in Bangladesh and that he has a well-founded fear that he will be persecuted if he returns there. He avers that the BIA did not give meaningful consideration to his evidence showing that his fear of return is well-founded.

Our review is limited to evidence included in the administrative record. _See Miranda-Lores v. INS_, 17 F.3d 84, 85 (5th Cir. 1994). There is substantial evidence to support the BIA's determination

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that Kamal was not persecuted while in Bangladesh.  *See Abdel-Masieh v. INS*, 73 F.3d 579, 583 (5th Cir. 1996).  Kamal was questioned by law enforcement personnel as part of an investigation of President Ershad but never was subjected to physical mistreatment, nor was he arrested.  While Kamal claims he lost responsibilities at the bank, he suffered no diminished salary.

Kamal contends that the BIA's decision does not reflect that it gave meaningful consideration to all the relevant evidence concerning his fear of future persecution.  While "we do not require that the BIA address evidentiary minutiae or write any lengthy exegesis," *id.* at 585, we do require that the BIA's decision reflect that it gave meaningful consideration to all the relevant evidence regarding the fear of future persecution, *see id.*

The BIA did not adopt the findings and conclusions of the immigration judge, so its own findings are especially limited.  The BIA did not, for example, address the murder of other banking officials, the threats made on Kamal's life, or the inquiries into his whereabouts after he left Bangladesh.  Nor did the BIA address the information in the State Department reports concerning continuing human rights abuses in Bangladesh.

The petition for review is GRANTED, and the order of the BIA is VACATED and REMANDED for further proceedings consistent with this opinion.  We do not, however, intimate what conclusion the BIA should reach on remand.